**Joseph Patrick ROACH, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9308–CR–255.

Court of Appeals of Indiana, Third District.

Dec. 6, 1993.

Charles W. Lahey, South Bend, for appellant-defendant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

A jury convicted Roach of attempted murder, attempted robbery, possession of cocaine and carrying a handgun without a license. The evidence revealed that Roach

attempted the armed robbery of a liquor store in South Bend, Indiana, that he attempted to shoot the clerk on duty in the store, that he was apprehended at the scene and was found to be in possession of cocaine.

His appeal challenges whether he was afforded his rights under the Sixth Amendment and under Article 1, Section 13 of the Indiana Constitution. To sustain his claim he points to the fact that the state exercised a peremptory challenge to excuse one of the two black people on the venire, and the other (who was seated) was asked by the prosecutor during voir dire whether she would determine her verdict in a racially neutral manner. He relies upon *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 and *Turner v. Murray* (1986), 476 U.S. 28, 106 S.Ct. 1683, 90 L.Ed.2d 27.

■ In *Batson* the Supreme Court recognized that the purposeful exclusion of jurors on the basis of race through the exercise of peremptory challenges was of constitutional dimension and was prohibited by the Equal Protection Clause. The Court held that a defendant might make a prima facie case of discriminatory selection by showing (1) that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race; (2) the defendant is entitled to rely on the fact that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate;" and (3) he must show that these facts and *any other relevant circumstances* raise an inference that the prosecutor used the process of peremptory challenges to exclude veniremen from the petit jury on account of their race. 476 U.S. at 97, 106 S.Ct. at 1723. When a defendant makes this showing, the burden then shifts to the state to come forward with a neutral explanation for its strikes. 476 U.S. at 98, 106 S.Ct. at 1724.

■ In the present case Roach established that he and the struck juror in question were black. There were two black people on the panel. The first one was accepted by the defendant and the state and seated. The second was challenged for cause by the state in part because she was a single mother with a six-month old baby who was living on public aid and had no reliable babysitter (a challenge that many courts might grant). When the challenge was denied, the state exercised its peremptory challenge. We conclude that these are relevant circumstances and that under the circumstances present here Roach failed to raise the inference that the prosecutor was using peremptory challenges for a discriminatory purpose. It follows that he has failed to establish a violation of his Sixth Amendment rights. Moreover, we find that Roach's rights under Article 1, Section 13 of the Indiana Constitution are coextensive with his federal rights on this subject, and therefore he has failed in his claim thereunder.

■ Roach's second argument concerns questions asked by the prosecutor to one of the white jurors and the black juror about whether the defendant's race would have any bearing upon their verdict. He cites *Turner v. Murray* in which the Supreme Court determined that because of the range of discretion entrusted to a jury in capital sentencing hearings (476 U.S. at 36, 106 S.Ct. at 1688) *upon request* a defendant is entitled to have a jury questioned concerning racial bias. He asks us to put a different spin on *Turner* and hold that it should be the exclusive province of the defendant to determine whether such matters are explored on voir dire. While we are not inclined to that view, (see the discussion in *Ristaino v. Ross* (1976), 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258, especially n. 9 on the general propriety of such questioning) we find that the question has not been preserved for review because Roach made no objection to the questions at voir dire.

We therefore find no error.

Affirmed.

HOFFMAN and CONOVER, JJ., concur.